UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAX BLANKFELD, JOHNNY EDWARDS, ADAM FINN, DAVID KLEIN, MARK MEY, ALAN SCHAEFER, FIORE TALARICO, and ROBERT TEH, | § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 09-cv-00162-SDW-MCA |
| MERRILL LYNCH & CO., INC. and MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED, | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING
DETERMINATION OF THE JUDICIAL PANEL ON
MULIDISTRICT LITIGATION AND BRIEF IN SUPPORT**

Charles W. Schwartz
Attorney in Charge
Texas State Bar No. 17861300
Federal I.D. No. 603
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
1000 Louisiana, Suite 6800
Houston, Texas 77002
(713) 655-5160 (Telephone)
(888) 329-2286 (Facsimile)

**COUNSEL FOR DEFENDANTS
MERRILL LYNCH & CO., INC., and
MERRILL LYNCH PIERCE FENNER
& SMITH INCORPORATED**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND ............................................................................................ 4

ARGUMENT ...................................................................................................................... 6

CONCLUSION ..................................................................................................................10

## TABLE OF AUTHORITIES

*Aikins v. Microsoft Corp.*, No. 00-2042, 2000 U.S. Dist. LEXIS 4371
(E.D. La. Mar. 24, 2000)...............................................................................8, 9

*Anderson v. Merck & Co., Inc.*, No. V-06-114, 2007 U.S. Dist. LEXIS
1261 (S.D. Tex. Jan. 5, 2007) ...................................................................3, 6, 7, 8

*Cirilo v. The Lincoln Electric Co.*, No. SA-04-CA-115-RF, 2004 U.S.
Dist. LEXIS 28679 (W.D. Tex. May 24, 2004)................................................... 3

*Coward v. Wyeth*, No. 03-2458, 2003 U.S. Dist. LEXIS 26246 (S.D.
Tex. Sept. 17, 2003)....................................................................................3, 6, 7, 8

*Gonzalez v. America Home  Products Corp.*, 223 F. Supp. 2d 803
(S.D. Tex. 2002) ............................................................................................4, 7, 8, 9

*Hall v. Chattem*, No. 3-02-CV-2704-D, 2003 U.S. Dist. LEXIS 3929
(N.D. Tex. Mar. 14, 2003) ..........................................................................3, 4

*Landis v. North America Co.*, 299 U.S. 248 (1936)................................................... 6

*Medical Society v. Connecticut General Corp.*, 187 F. Supp. 2d 89
(S.D.N.Y. 2001) ...................................................................................... 7

*Moffett v. Wyeth, Inc.*, No. DR-03-CA-69-OG, 2004 U.S. Dist. LEXIS
30031 (W.D. Tex. Feb. 2, 2004) ........................................................... 3

*Portnoy v. Zenith Laboratoriess*, No. 86-3512, 1987 U.S. Dist. LEXIS
16134 (D.D.C. Apr. 21, 1987) ..........................................................7, 10

*Register v. Bayer Corp.*, No. 02-1013, 2002 U.S. Dist. LEXIS 13438
(E.D. La. July 16, 2002)........................................................................ 9

*Republic of Venezuela v. Philip Morris Cos.*, No. 99-0586-CIV, 1999
U.S. Dist. LEXIS 22742 (S.D. Fla. Apr. 28, 1998)......................................6, 9, 10

*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) ...........................6, 7, 8

*Rosenfeld v. Hartford Fire Insurance Co.*, Nos. 88 Civ. 2153, 88 Civ.
2252, 1988 U.S. Dist. LEXIS 4068 (S.D.N.Y. May 12, 1988)............................7, 9

*Scott v. Bayer Corp.*, No. 03-2888, 2004 U.S. Dist. LEXIS 371 (E.D.
La. Jan. 12, 2004) .................................................................................. 3

*Sevel v. AOL Time Warner, Inc.*, 232 F. Supp. 2d 615 (E.D. Va. 2002)....................... 7

*Tench v. Jackson National Life Insurance Co.*, No. 99 C. 5182, 1999
   U.S. Dist. LEXIS 18023 (N.D. Ill. Nov. 12, 1999) ............................................7, 8

*Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989 (E.D. Wis. 2000) ............................................7, 8

## STATUTES

15 U.S.C. § 78n(d) ............................................................................................................ 2

17 C.F.R. § 240.14d-10(a)(1)............................................................................................ 2

## MISCELLANEOUS

FINRA Code Rule 13204(c) ................................................................................................ 6

Merrill Lynch & Co., Inc. and Merrill Lynch Pierce Fenner & Smith Incorporated (collectively "Merrill Lynch") respectfully submit this motion to stay all proceedings in this action until 10 days after the Judicial Panel on Multidistrict Litigation (the "MDL Panel") rules on Merrill Lynch's motion to centralize five actions (the "Actions"), including the instant action, for coordination for pretrial purposes in the United States District Court for the Southern District of New York where a related action has been pending for almost one year.[1]  Merrill Lynch filed its motion to transfer with the MDL Panel on February 10, 2009.

## PRELIMINARY STATEMENT

The Actions all arise out of Merrill Lynch's sale of so-called auction rate securities ("ARS").  Merrill Lynch is seeking to consolidate the five ARS-related Actions pending against it.  The interrelated nature of these five lawsuits is readily apparent.  In three of the suits (*In re Merrill Lynch Auction Rate Securities Litigation*, No. 08-cv-3037 (LAP) (S.D.N.Y.); *Cooperative Bank, et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.*, No. 08-cv-12042 (D. Mass.); and *Community Trust Bank, Inc. v. Merrill Lynch, Pierce Fenner & Smith Incorporated*, No. 08-cv-00231 (ART) (E.D. Ky.)) purchasers of ARS claim that they were defrauded by Merrill Lynch's purported sales

---

[1]     The complaints in all five actions are cited herein as follows: *In re Merrill Lynch Auction Rate Securities Litigation*, No. 08-cv-3037 (LAP)(S.D.N.Y.) (the "Consolidated Class Action Compl."); *Blankfeld, et al., v. Merrill Lynch & Co., Inc., et al.*, No. 09-cv-00162-SDW-MCA (S.D. Tex.) (the "Blankfeld Compl."); *Cooperative Bank, et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.*, 08-cv-12042 (D. Mass.) (the "Cooperative Bank Compl."); *Community Trust Bank, Inc. v. Merrill Lynch, Pierce Fenner & Smith Incorporated*, No. 08-cv-00231 (ART) (E.D. Ky.) (the "Community Trust Bank Compl."); and *Louisiana Stadium and Exposition District v. Financial Guaranty Insurance Company, FGIC Corporation, Merrill Lynch & Co., Inc., Merrill Lynch Capital Services, Inc. and Merrill Lynch Pierce, Fenner & Smith Incorporated*, No. 09-0235, SEC.N MAG.3 (E.D. La.) (the "LSED Complaint").  Copies of the complaints are attached to Merrill Lynch's revised memorandum of law filed with the MDL Panel on February 17, 2009, which is attached as Exhibit D to the accompanying Declaration of Charles W. Schwartz.

practices.  Specifically, plaintiffs allege that Merrill Lynch purportedly had a consistent practice of (i) representing that ARS were highly liquid, safe investments for short-term investing, (ii) failing to disclose material facts concerning the riskiness of ARS, and (iii) engaging in undisclosed fraudulent and manipulative practices designed to obscure the true nature of ARS by, among other things, purchasing ARS for its own account to prevent auctions from failing.  The fourth suit, the one pending before this Court, (*Blankfeld, et al., v. Merrill Lynch & Co., Inc., et al.*, No. 09-cv-00162 (S.D. Tex.)) is a purported class action asserting claims under Section 14(d) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(d), Securities and Exchange Commission Rule 14d-10(a)(1), 17 C.F.R. § 240.14d-10(a)(1), in which the complaint recites the same allegations regarding Merrill Lynch's purported ARS sales practices as the other suits. The fifth suit is brought by an issuer of ARS – the Louisiana Stadium and Exposition District (the "LSED") – based on allegations that Merrill Lynch manipulated the ARS market to make the bonds appear liquid and thereby fraudulently induced the LSED to issue ARS.  (*Louisiana Stadium and Exposition District v. Financial Guaranty Insurance Company, FGIC Corporation, Merrill Lynch & Co., Inc., Merrill Lynch Capital Services, Inc., Merrill Lynch Pierce, Fenner & Smith Incorporated and Bank of America Corporation*, No. 09-0235, SEC.N MAG.3 (E.D. La.))  In sum, Plaintiffs in all five Actions seek to establish that Merrill Lynch fraudulently manipulated the ARS market and made consistent false and misleading statements regarding the liquidity of ARS, and centralization of those suits is appropriate.

Merrill Lynch filed its motion to transfer all of the above-referenced actions to the Southern District of New York before the MDL Panel on February 10, 2009 and

anticipates that the motion will be heard in one of the upcoming sessions.  In the absence of a stay of this action, the ability of the MDL Panel to advance the just and efficient conduct of the Actions by avoiding inconsistent pretrial rulings, avoiding duplicative proceedings and conserving the resources of the parties and the judiciary, will be adversely impacted.  As such, courts in this circuit have routinely stayed actions until the MDL Panel or an MDL court has decided whether to transfer a case.  *See Anderson v. Merck & Co., Inc*., No. V-06-114, 2007 U.S. Dist. LEXIS 1261, at \*3 (S.D. Tex. Jan. 5, 2007) ("Staying this case in order to give the MDL court the opportunity to transfer it would promote judicial efficiency and help to avoid the possibility of inconsistent decisions."); *Cirilo v. The Lincoln Electric Co*., No. SA-04-CA-115-RF, 2004 U.S. Dist. LEXIS 28679, at \*13 (W.D. Tex. May 24, 2004) (staying action until the MDL Panel decided whether to transfer the case); *Moffett v. Wyeth, Inc*., No. DR-03-CA-69-OG, 2004 U.S. Dist. LEXIS 30031, at \*2 (W.D. Tex. Feb. 2, 2004) (same); *Scott v. Bayer Corp*., No. 03-2888, 2004 U.S. Dist. LEXIS 371, at \*5 (E.D. La. Jan. 12, 2004) (granting a stay pending ruling by MDL Panel and finding that the plaintiff would not be unduly prejudiced and the stay would serve interests of judicial economy and minimize risk of inconsistent rulings in related cases); *Coward v. Wyeth*, No. 03-2458, 2003 U.S. Dist. LEXIS 26246, at \*9 (S.D. Tex. Sept. 17, 2003) (staying action until the MDL Panel decided whether to transfer the case because a "stay of the proceedings in this court furthers the policies of efficiency and consistency of pretrial rulings"); *Hall v. Chattem*, No. 3-02-CV-2704-D, 2003 U.S. Dist. LEXIS 3929, at \*3 (N.D. Tex. Mar. 14, 2003) (staying action until the MDL Panel decided whether to transfer the case); *Gonzalez v. Am. Home Products Corp*., 223 F. Supp. 2d 803, 806 (S.D. Tex. 2002) (staying an action

pending the MDL Panel's ruling because "[j]udicial economy and consistency of result dictate that th[e] key issue [in the case] be decided once, not countless times").

## FACTUAL BACKGROUND

On January 23, 2009, eight holders of ARS brought suit in this Court against Merrill Lynch asserting claims under Section 14(d) of the Exchange Act and Rule 14d-10(a)(1) promulgated thereunder on behalf of a class of approximately 70 persons who purchased ARS from Amegy Investments, Inc. ("Amegy").  Amegy, which is not yet a party to this action, in turn purchased its ARS from Merrill Lynch.  (Blankfeld Comp. ¶¶ 48-49)  Specifically, Plaintiffs in this action claim that in connection with a regulatory settlement Merrill Lynch reached with the Securities and Exchange Commission, among others, in August, 2008, Merrill Lynch "arbitrarily excluded Plaintiffs and the Class from its [offers to repurchase ARS securities from certain customers] because [Plaintiffs] had not bought their ARPS directly from Merrill Lynch . . . " in contravention of Section 14(d) (Blankfeld Comp. ¶¶ 58, 60)

Merrill Lynch has filed a motion before the MDL because this suit and the four other cases all concern Merrill Lynch's conduct of ARS auctions.  Each complaint alleges that on or about February 13, 2008, the ARS market became largely illiquid when several broker dealers ceased purchasing ARS for their own accounts for the purpose of preventing the auctions they managed from failing.  (Cooperative Bank Compl. ¶ 30; Community Trust Bank Compl. ¶ 20; Consolidated Class Action Compl. ¶ 8;  Blankfeld Compl. ¶ 25; LSED Compl. at ¶ 100)   Among other things, the common allegations include:

- Merrill Lynch deceptively marketed ARS as safe, cash-like, liquid investments.  (Cooperative Bank Compl. ¶¶ 34, 54, 56; Community Trust

4

Bank Compl. ¶¶ 18, 25, 28, 40; Consolidated Class Action Compl. ¶¶ 2, 57, 101, 124-125, 153-156, 159-160, 171-172; Blankfeld Compl. ¶¶ 24, 29; LSED Compl. ¶¶ 83-93, 97-99)

- Merrill Lynch manipulated the market for ARS by placing support bids to prevent auctions from failing and failed to disclose material facts relating to its conduct of auctions.  (Cooperative Bank Compl. ¶¶ 46-47, 51, 54-58; Community Trust Bank Compl. ¶¶ 15, 26, 29; Consolidated Class Action Compl. ¶¶ 5, 7, 58-66, 72, 161-162; Blankfeld Compl. ¶ 25; LSED Compl. ¶¶ 89, 91-93, 95,100)

- Merrill Lynch aggressively marketed ARS in an effort to sell the large inventory of ARS it had accumulated by purchasing ARS for its own account. (Cooperative Bank Compl. ¶¶ 17, 47-49; Community Trust Bank Compl. ¶¶ 27-30; Consolidated Class Action Compl. ¶¶ 84-92, 102, 130, 163; Blankfeld Compl. ¶¶ 31-33)

- Merrill Lynch pressured its research department to publish research that downplayed the risks associated with ARS.  (Cooperative Bank Compl. ¶¶ 35-45; Consolidated Class Action Complaint ¶¶ 6, 90-100, 102-122, 135-141; Blankfeld Compl. ¶¶ 33-34; LSED Compl. ¶¶ 80, 99).

- Merrill Lynch ceased supporting the auctions, which left holders of ARS unable to sell their securities despite Merrill Lynch's alleged promises of cash-like liquidity.  (Cooperative Bank Compl. ¶ 30; Community Trust Bank Compl. ¶ 1; Consolidated Class Action Compl. ¶ 8; LSED Compl. ¶¶ 99-100)

In light of the substantial overlap between the allegations in this action and the four other ARS-related suits pending against Merrill Lynch in other federal courts, Merrill Lynch has filed a motion before the MDL Panel asking that all five cases be centralized in the Southern District of New York.

## **ARGUMENT**

### **THIS ACTION SHOULD BE STAYED PENDING DETERMINATION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

This Court enjoys broad discretion to issue a stay as part of its inherent power to control its docket in the interest of "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Anderson*, 2007 U.S. Dist. LEXIS 1261, at *3 (stating that where an MDL court is deciding whether to transfer a case, the decision to stay that case "is completely within the discretion of the court"); *Coward*, 2003 U.S. Dist. LEXIS 26246, at *9 ("The decision whether to stay proceedings is discretionary and the exercise of discretion is guided by the policies of justice and efficiency.").  When specifically considering whether to grant a stay pending a decision by the MDL Panel, courts look to three factors to decide whether a stay is proper: 1) prejudice to the non-movant; 2) hardship and inequity to the movant if there is no stay; and 3) the impact on judicial resources.  *See Republic of Venezuela v. Philip Morris Cos.*, No. 99-0586-CIV, 1999 U.S. Dist. LEXIS 22742, at *6 (S.D. Fla. Apr. 28, 1998); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Here, those factors strongly favor issuance of a brief stay pending the MDL Panel's decision.[2]

---

[2]     Through this motion, Merrill Lynch is seeking to stay proceedings in this Court on all issues, except Merrill Lynch reserves its right to raise before this Court the issue of whether to stay a related arbitration currently underway before the Financial Industrial Regulatory Authority "FINRA" under the caption *Amegy Investments, Inc. et al., v. Merrill, Lynch, Pierce, Fenner & Smith, Inc. et al.,* Arbitration No. 09-00332.  Merrill Lynch has asked the Director of Arbitration of FINRA (the "FINRA Director") to stay that arbitration as it is in actuality a class action that cannot be heard within a FINRA arbitration.  In the event that the FINRA Director does not stay the arbitration, pursuant to FINRA Code Rule 13204(c), Merrill Lynch has 10 days to bring that same issue to this Court, which Merrill Lynch intends to do.

*First*, as noted above, the courts in this Circuit have often stayed cases pending a decision by the MDL Panel on transfer.[3]  Furthermore, these courts have also held that staying a case while the MDL Panel decides whether to transfer promotes judicial economy and helps to "avoid the possibility of inconsistent decisions."  *Anderson*, 2007 U.S. Dist. LEXIS 1261, at *4; *Coward*, 2003 U.S. Dist. LEXIS 26246, at *9; *Gonzalez*, 223 F. Supp. 2d at 806.

The concern of judicial economy is particularly pronounced when the MDL Panel is considering transferring actions or consolidation and coordination of proceedings.  One district court has recognized that it is "often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that are conserved."  *Rivers*, 980 F. Supp. at 1362.  As explained at length in *Rivers*, judicial resources are, more or less by definition, conserved

---

[3]    Courts in other circuits have also stayed matters before them pending the MDL Panel's determination of a transferee jurisdiction, citing as the overriding purpose of the stay to enhance the just and efficient coordination of multidistrict litigation.  *See*, *e.g*., *Sevel v. AOL Time Warner, Inc*., 232 F. Supp. 2d 615, 616 (E.D. Va. 2002) (staying proceedings concerning choice of lead plaintiff and lead counsel pending MDL Panel decision on motion to transfer to avoid confusion and duplication of effort, and to further the purposes of the MDL Panel proceeding); *Med. Soc'y v. Conn. Gen. Corp*., 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (finding that a stay pending a decision on an MDL transfer was the "preferable practice"); *Weinke v. Microsoft Corp*., 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (granting a stay pending an MDL Panel transfer decision after finding that it would serve the interests of judicial economy and avoid inconsistent results in multiple venues); *Tench v. Jackson Nat'l Life Ins. Co*., No. 99 C 5182, 1999 U.S. Dist. LEXIS 18023, at *5 (N.D. Ill. Nov. 12, 1999) (staying action pending MDL Panel transfer decision after finding that a stay would serve judicial economy); *Rivers*, 980 F. Supp. at 1362 (stating that the "majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."); *Rosenfeld v. Hartford Fire Ins. Co*., Nos. 88 Civ. 2153, 88 Civ. 2252, 1988 U.S. Dist. LEXIS 4068, at *4 (S.D.N.Y. May 12, 1988) (holding that a stay pending an MDL Panel decision on a transfer motion was warranted to further the underlying purposes of coordination of multidistrict litigation "'to promote the just and efficient conduct of such actions'") (citation omitted); *Portnoy v. Zenith Labs*., No. 86-3512, 1987 U.S. Dist. LEXIS 16134, at *2 (D.D.C. Apr. 21, 1987) (staying the case pending decision on transfer by the MDL Panel and finding that stay would further judicial economy and that plaintiffs would not be prejudiced by minimal stay).

by granting a stay.  *See Rivers*, 980 F. Supp. at 1361-62.  When the MDL Panel is considering a motion to transfer, if the transferor court expends resources on the case and the transfer subsequently occurs, the court "will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Id*. at 1360.  Similarly, efforts "concerning case management will most likely have to be replicated by the [new] judge . . . ." *Id*. at 1360-61.  "[S]tays are frequently granted [in these circumstances] to . . . preserve valuable judicial resources." *Tench*, 1999 U.S. Dist. LEXIS 18023, at *3.  Other cases invariably articulate similar concerns.  *See also Anderson*, 2007 U.S. Dist. LEXIS 1261, at *3 ("Staying this case in order to give the MDL court the opportunity to transfer it would promote judicial efficiency and help to avoid the possibility of inconsistent decisions."); *Coward*, 2003 U.S. Dist. LEXIS 26246, at *9 (stating that the "benefits of transferring such cases 'to the MDL-the body established by Congress specifically to ameliorate the duplicative litigation and the valuable waste of judicial resources — are obvious'"); *Gonzalez*, 223 F. Supp. 2d at 806 ("Judicial economy and consistency of result dictate that th[e] key issue [in the case] be decided once [by the MDL Panel], not countless times."); *Weinke*, 84 F. Supp. 2d at 990 (granting stay of action, including remand motion, noting that "in light of the pending MDL Panel ruling on transfer, this action should be stayed in the interest of judicial economy and to avoid inconsistent results"); *Aikins v. Microsoft Corp*., No. 00-2042, 2000 U.S. Dist. LEXIS 4371, at *5 (E.D. La. Mar. 24, 2000) (stating that the "interests of judicial economy would best be served by granting a stay").  Thus, courts have repeatedly recognized that, where, as here, the MDL Panel is going to rule on the transfer of an

action, and that action is at a very preliminary stage, judicial economy dictates a stay of the action.

*Second*, defendants who must defend actions in multiple jurisdictions will be prejudiced by the absence of a stay under these circumstances.  In this case, for example, in the absence of a stay the defendants risk multiple proceedings on the same issues.  As courts have recognized, this fact greatly favors a stay.  *See Gonzalez*, 223 F. Supp. 2d at 806 (staying an action "to await the ruling of the MDL Panel" because "[j]udicial economy and consistency of result dictate that th[e] key issue [in the caase] be decided once, not countless times"); *Aikins*, 2000 U.S. Dist. LEXIS 4371, at *5 (reasoning that a stay pending an MDL panel decision was warranted because defendant "would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts" as well as "potentially suffer conflicting rulings by different judges . . ."); *Rosenfeld*, 1988 U.S. Dist. LEXIS 4068, at *4 (holding that stays pending a decision by the MDL Panel were "warranted . . . to further the underlying purposes of coordination of multidistrict litigation . . .").

*Third*, and finally, Plaintiffs will in no way be prejudiced by this Court granting a stay.  This action was commenced only a few weeks ago.  Further, the stay will be of modest duration.  The MDL Panel will consider the transfer request in one of the upcoming sessions, and will likely issue a decision promptly thereafter.  Under similar circumstances, courts have repeatedly held that a brief delay causes no prejudice to the plaintiffs.  *See Register v. Bayer Corp.*, No. 02-1013, 2002 U.S. Dist. LEXIS 13438, at *4 (E.D. La. July 16, 2002) (holding that plaintiff would not be prejudiced by a temporary stay until the MDL Panel's decision); *Republic of Venezuela*, 1999 U.S. Dist.

LEXIS 22742, at *6 (holding that the "brief stay" pending the MDL Panel's decision would not prejudice plaintiff); *Portnoy*, 1987 U.S. Dist. LEXIS 16134, at *3 (granting a stay where plaintiffs would not be prejudiced by "a short-term stay").

## <u>CONCLUSION</u>

For all of the foregoing reasons, this action should be stayed until 10 days after the MDL Panel decides Merrill Lynch's motion to transfer.

Respectfully submitted,

/s/ Charles W. Schwartz
Charles W. Schwartz
Attorney in Charge
Texas State Bar No. 17861300
Federal I.D. No. 603
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
1000 Louisiana, Suite 6800
Houston, Texas 77002
(713) 655-5160 (Telephone)
(888) 329-2286 (Facsimile)

Of Counsel:

Noelle M. Reed
State Bar No. 24044211
Southern District Bar No. 27139
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana, Suite 6800
Houston, Texas 77002
Telephone No.:  713-655-5122
Facsimile No.:   888-329-6146

**ATTORNEYS FOR DEFENDANTS
MERRILL LYNCH & CO., INC., and
MERRILL LYNCH PIERCE FENNER
& SMITH INCORPORATED**

11

## <u>CERTIFICATE OF CONFERENCE</u>

By my signature below, I hereby certify that on February 20, 2009 and on February 23, 2009, I contacted counsel for Plaintiffs regarding this motion.  The parties made a reasonable effort to resolve the dispute without the necessity of Court intervention and that effort failed.  Plaintiffs were unable to decide whether or not they oppose the relief requested herein.

*/s/ Charles W. Schwartz*
Charles W. Schwartz

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2009, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. All others were served a copy via U.S. mail postage prepaid:

Stephen S. Andrews
OAKS HARTLINE & DALY, L.L.P.
2323 S. Shepherd Drive, 14th Floor
Houston, Texas 77019
E-mail: Andrews@ohdlegal.com

Stephen Lowey
Geoffrey Horn
LOWEY DANNENBERG COHEN
    & HART, P.C.
1 North Broadway, Suite 509
White Plains, New York 10601
E-mail: slowey@lowey.com

*/s/ Charles W. Schwartz*
Charles W. Schwartz

13